UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:15-cr-0086-SEB-TAB |
| | ) | |
| JAMES HENDRICKS, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable

Sarah Evans Barker, directing the duty magistrate judge to conduct a hearing on the Petition for

Warrant or Summons for Offender Under Supervision ("Petition") filed on March 6, 2017, and to

submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§

3401(i) and 3583(e).  Proceedings were held on September 5, 2017, and June 26, 2018, in

accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On September 5, 2017, and June 26, 2018, defendant James Hendricks appeared in

person with his appointed counsel, Mario Garcia.  The government appeared by William

McCoskey, Assistant United States Attorney.  The United States Probation Office ("USPO")

appeared by Officers Angela Smith, who participated in the proceedings.  Following certain

preliminary matters, the court continued the matter, at the parties' request, pending resolution of

a state charge underlying the Petition.   On June 26, 2018, defendant James Hendricks appeared

---

[1]     All proceedings were recorded by suitable sound recording equipment unless otherwise
noted. *See* 18 U.S.C.  § 3401(e).

in person with his appointed counsel, Mario Garcia.  The government appeared by William

McCoskey, Assistant United States Attorney.  The United States Probation Office ("USPO")

appeared by Officers Angela Smith, who participated in the proceedings.

The court conducted the following procedures in accordance with *Federal Rule of*

*Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1.    The court advised Mr. Hendricks of his right to remain silent, his right to counsel,

and his right to be advised of the charges against him.  The court asked Mr. Hendricks questions

to ensure that he had the ability to understand the proceedings and his rights.

2.    A copy of the Petition was provided to Mr. Hendricks and his counsel, who

informed the court they had reviewed the Petition and that Mr. Hendricks understood the

violations alleged.  Mr. Hendricks waived further reading of the Petition.

3.    The court advised Mr. Hendricks of his right to a preliminary hearing and its

purpose in regard to the alleged violations of his supervised release specified in the Petition.  Mr.

Hendricks was advised of the rights he would have at a preliminary hearing.  Mr. Hendricks

stated that he wished to waive his right to a preliminary hearing.

4.    Mr. Hendricks stipulated that there is a basis in fact to hold him on the

specifications of violations of supervised release as set forth in the Petition.  Mr. Hendricks

orally waived his right to a preliminary hearing, which the court accepted.

5.    The court advised Mr. Hendricks of his right to a hearing on the Petition and of

his rights in connection with a hearing.  The court specifically advised him that at a hearing, he

would have the right to present evidence, to cross-examine any witnesses presented by the

United States, and to question witnesses against him unless the court determined that the

interests of justice did not require a witness to appear.

6.      Mr. Hendricks, by counsel, stipulated that the particular facts regarding his arrest

set forth under Violation Number 1 in the Petition as follows are true:

| **Violation Number** | **Nature of Noncompliance** |
|---|---|
| 1 | **"The defendant shall not commit another federal, state, or local crime."** |
| | On March 2, 2017, James Hendricks was arrested by Indianapolis Metropolitan Police Department on charges of Ct. 1: Dealing in a Narcotics Drug, felony; Ct. 2: Possession of a Narcotic Drug, felony; and Ct. 3: Resisting Law Enforcement, misdemeanor, under cause number 49G20-1703-F2-008485, filed in Marion County Superior Court 20. He appeared before the Court on March 6, 2017, and bond was set at $40,000 surety. His next hearing date is set for a final pretrial conference on July 20, 2017, with a jury trial date set for July 26, 2017. |

7.      After asking Mr. Hendricks questions to ensure that his decisions to waive

hearing and admit the violation was knowing and voluntary, the court placed Mr. Hendricks

under oath and directly inquired of Mr. Hendricks whether he admitted the particular facts

regarding his arrest as set forth above.  Mr. Hendricks admitted those facts.

8.      The parties and the USPO further stipulated that:

(a)      The highest grade of Violation (Violation 1) is a Grade A violation (U.S.S.G. § 7B1.1(a)(2)).

(b)      Mr. Hendricks's criminal history category is IV.

(c)      The range of imprisonment applicable upon revocation of Mr. Hendricks's supervised release, therefore, is 37 - 46 months' imprisonment.  (*See* U.S.S.G. § 7B1.4(a).)

9.      The parties jointly recommended a sentence of thirty-seven (37) months with no

supervised release to follow.  This sentence is to be served consecutively to the sentence issued

under Marion County, Indiana Cause Number 49G20-1703-F2-008485.  Defendant requested

placement at FCI Terre Haute.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, JAMES HENDRICKS, violated the above-specified conditions in the Petition and that his supervised release should be and therefore is **REVOKED**, and he is sentenced to the custody of the Attorney General or his designee for a period of thirty-seven (37) months with no supervised release to follow.  This sentence is to be served consecutively to the sentence issued under Marion County, Indiana Cause Number 49G20-1703-F2-008485.   Defendant is to be taken into immediate custody pending the district court's action on this Report and Recommendation.  The Magistrate Judge will recommend placement at FCI Terre Haute.

Counsel for the parties and Mr. Hendricks stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B) and (C); and, Federal Rules of Criminal Procedure 59(b)(2).

Counsel for the parties and Mr. Hendricks entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which she may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation revoking Mr. Hendricks's supervised release, imposing a sentence of

4

imprisonment of thirty-seven (37) months with no supervised release to follow.   This sentence is to be served consecutively to the sentence issued under Marion County, Indiana Cause Number 49G20-1703-F2-008485.   Defendant is to be taken into immediate custody pending the district court's action on this Report and Recommendation.  The Magistrate Judge will recommend placement at FCI Terre Haute.

   IT IS SO RECOMMENDED.


   Date: 7/10/2018

                                                    Debra McVicker Lynch
                                                    United States Magistrate Judge
                                                    Southern District of Indiana




Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal